## In re John J. McClure Agency, Inc.

678

*John T. Clary,* for petitioner.
*Edward Kassab,* for respondent.

REED, JR., *J.,* July 9, 1980—This case is before our court for determination of the petition of John E. Mulloy, Sr. to wind up, dissolve and appoint a receiver for John J. McClure Agency, Incorporated.

John J. McClure Agency, Inc. is a Pennsylvania Corporation duly organized and existing under the laws of Pennsylvania. Said corporation was formed on February 21, 1966 and now consists of two stockholders, John J. Mulloy, Sr., petitioner, and Herman F. Bareis, respondent, each of whom owns 50 shares of stock.

On February 27, 1975 the parties, together with Alice J. McClure and the corporation, entered into a stockholders' agreement which provided for continuity of the management of the corporation together with certain restrictions on the sale or purchase of existing shares of stock.

Since that time, the business has continued to grow to such a point that Mulloy either wants to purchase all shares of stock owned by Bareis (which were never tendered) or to retire and sell his stock.

The corporation in an effort to protect its interest in past, present and future accounts sets forth that it would purchase petitioner's stock only if he exe-

cuted an agreement not to compete. It is at this point where an impasse arose.

Both stockholders called special board of directors meetings in April of 1980, Mulloy to elect new directors and Bareis to vote on discharging Mulloy from his employment. After maneuvering on both sides, this petition was filed with the court.

A hearing was held on June 26, 1980 where the only testimony presented was that of petitioner. At the conclusion of petitioner's case, respondent moved to have the court dismiss said petition for failure on petitioner's part to sustain his burden of proof. We agree and will dismiss the petition.

Petitioner filed his claim for relief under section 1107 of the Business Corporation Law of May 5, 1933, P.L. 364, art. XI, sec. 1107, 15 P.S. §2107. That section provides, at 15 P.S. §2107A(1)-(4): The courts may entertain a petition for involuntary winding up and dissolution of a corporation when it is made to appear:

"(1) That the objects of the corporation have wholly failed, or are entirely abandoned, or that their accomplishment is impracticable; *or*

"(2) That the acts of the directors, or those in control of the corporation, are illegal, oppressive, or fraudulent, and that it is beneficial to the interests of the shareholders that the corporation be wound up and dissolved; *or*

"(3) That the corporate assets are being misapplied or wasted, and that it is beneficial to the interests of the shareholders that the corporation be wound up and dissolved; *or*

"(4) *That the directors are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock, and that irreparable injury to the corporation is being*

*suffered or is threatened by reason thereof."* (Emphasis supplied.)

Petitioner offered no evidence to bring himself under paragraph (1), (2) or (3). The only provision for consideration is under 15 P.S. §2107A(4).

The evidence shows that a deadlock exists, but has been entirely caused by petitioner. Petitioner cannot simply cause a deadlock for the sole purpose of dissolving an otherwise viable and prospering corporation.

The testimony and evidence show, contrary to the requisites of paragraph (4) above, that the board of directors has been acting in good faith and to prevent waste or loss of business. It is petitioner who has been consistently acting in bad faith to cause the destruction of the business, but to this point the directors have successfully warded off his assault.

Petitioner has further requested the appointment of a receiver to dissolve the corporation under 15 P.S. §2108A. Since this section of the code is inapplicable here, this request must be denied. The law we follow and here apply is articulated in Tate v. Philadelphia Transportation Company, 410 Pa. 490, 500, 190 A. 2d 316, 321 (1963):

"All authorities are agreed that a receivership of a solvent corporation is a drastic remedy and should be granted only when (1) the right to a receivership is free from doubt, and (2) a receivership is clearly required by the facts and circumstances and equities of a particular case. More particularly: a receiver should be appointed (a) only when the right to a receivership is clear, . . . and (b) irreparable damage will in all probability result unless a receiver is appointed, and (c) a receivership will not substantially injure or interfere with the rights

of creditors and stockholders, and (d) greater damage will result if a receiver is not appointed than if one is appointed."

A temporary receiver may not be appointed for a solvent corporation on the mere conjecture of a stock holding interest (even if it represents one-half the shares) that the other half may not succeed. See Bowman v. Gum, Inc., 321 Pa. 516, 184 Atl. 258 (1936).

We have accordingly dismissed the petition to dissolve.

### ORDER

And now, July 9, 1980 after hearing in open court and upon review of the record and briefs submitted, it is hereby ordered and decreed that the rule heretofore granted to show cause why the John J. McClure Agency, Incorporated should not be wound up, dissolved and receiver appointed, be and the same is hereby discharged and the petition is dismissed.